Macey & Aleman, P.C.
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
cms@legalhelpers.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| Christine Schmucker<br>19809 N. 3rd Ave.<br>Phoenix, AZ 85027<br><br>     Plaintiff,<br><br>v.<br><br>Admin Recovery, LLC<br>9276 Main St.<br>Clarence, NY 14031<br><br>     Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4.  At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7.  On or around October 1, 2009, Defendant telephoned Plaintiff's mother-in-law ("Madlyn") and left a voice message.

8.  On or around October 1, 2009, Madlyn telephoned Defendant.

9.  During this communication, Defendant falsely represented itself as a law firm.

10. During this communication, Defendant falsely represented that there was legal action pending, or about to be filed, against Plaintiff in the State of California.

11. During this communication, Defendant falsely represented that it had to speak with Plaintiff before serving papers on Plaintiff.

12. During this communication, Defendant falsely represented that, because of the laws in Arizona, Madlyn's son, Plaintiff's husband, could be sued for the debt.

13. During this communication, Madlyn notified Defendant that Plaintiff could not be reached at Madlyn's residence.

14. Despite this notice, Defendant telephoned Madlyn at least one time thereafter.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

    unconscionable means to collect the debt.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant released information which was private to Plaintiff and concerned Plaintiff's

    private life to Plaintiff's mother-in-law.

31. Defendant's disclosure of Plaintiff's debt and the threat of legal action to this person is

    highly offensive.

32. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the

        Invasion of Privacy by Public Disclosure of a Private Fact.

c.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Carlene M. Simmons*
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
cms@legalhelpers.com
*Attorney for Plaintiff*